**SO ORDERED.**

**SIGNED this 21 day of March, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **ANGELA FORTNER DORNSEIF,** | **CASE NO. 09-11088-8-JRL** |
| Debtor. | **Chapter 7** |
| | |
| **KEVIN JOHN DORNSEIF,** | |
| Plaintiff, | |
| v. | **ADVERSARY PROCEEDING NO. 10-00057-8-JRL** |
| **ANGELA FORTNER DORNSEIF,** | |
| Defendant. | |

_____

**ORDER**

This adversary proceeding is before the court on the plaintiff's complaint to revoke the debtor's discharge pursuant to 11 U.S.C. § 727(a). On February 22, 2011, the court conducted a trial in Raleigh, North Carolina.

The defendant filed for relief under chapter 7 of the Bankruptcy Code on December 9, 2009, and listed the plaintiff, Kevin Dornseif, as an unsecured creditor. The plaintiff holds a judicial lien in the amount of $4,603.00 against the debtor's real property located at 226 Regency Drive in Nashville, North Carolina. On March 16, 2010, the plaintiff filed a complaint requesting that the court deny the debtor's discharge for bad faith and fraud, and uphold the judicial lien.

The plaintiff is pro se and did not specifically list which section of 727(a) applied, but based upon his arguments, grounds for exception to discharge may include §§ 727(a)(2),(4),(5).[1] The burden of proving a ground for objection rests with the plaintiff. Fed. R. Bankr. P. 4005. At the trial, the plaintiff stated that the debtor's failure to pay creditors was based upon "personal irresponsibility," "immoral behavior," and "financial mismanagement." The plaintiff alleged that the debtor lied on her bankruptcy schedules. Referring to the bank statements of the debtor, the plaintiff highlighted debits which he considered "wasteful spending." In the plaintiff's opinion, a plan to pay all creditors was feasible if the debtor adjusted spending and made certain lifestyle changes.

Prior to filing bankruptcy, the debtor was married to the plaintiff's nephew. The bank account in question was a joint account between the debtor and her ex-husband. The debtor testified that six months prior to filing chapter 7, her ex-husband unilaterally acquired approximately $15,000.00 of debt. Some of the debt was joint because the debtor was induced into signing paperwork she did not understand. Following the separation, the debtor was left with a great deal of debt that is now serviced by her income only.

---

[1] (a) The court shall grant the debtor discharge unless–
   (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
      (A) property of the debtor, within one year before the date of the filing of the petition; or
      (B) property of the estate, after the date of the filing of the petition;
   (4) the debtor knowingly and fraudulently, in or in connection with the case–
      (A) made a false oath or account;
      (B) presented or used a false claim;
      (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
      (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;
   (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

The financial information provided at the time of petition establishes that the debtor qualified for chapter 7 bankruptcy. There is not a single inaccuracy in the documents filed with the court, nor is there a scintilla of evidence of fraud. The evidence put forth by the plaintiff does not meet the standard under § 727(a) for a denial of discharge.

Based on the foregoing, the plaintiff's complaint to deny the discharge is DENIED. As is all too common, the debtor filed for relief when her income was not sufficient to pay bills in the wake of marital separation.

**"END OF DOCUMENT"**